**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    CALIFORNIA EQUITY MANAGEMENT              No. C-12-2341 EMC
     GROUP, INC.,
9
                    Plaintiff,                 **ORDER GRANTING DEFENDANTS'** *IN*
10                                             *FORMA PAUPERIS* **APPLICATION;**
            v.                                 **AND REMANDING ACTION TO STATE**
11                                             **COURT**
     ROGER ESTRADA, *et al.*,
12
                    Defendants.
13   _____/

14

15

16         Plaintiff California Equity Management Group, Inc. filed an unlawful detainer action in state

17   court against Defendants Roger and Rita Estrada on February 9, 2012.  Docket No. 1.  Defendants

18   removed the case to federal court on May 9, 2012, asserting federal question jurisdiction.  *Id.*

19   Defendants have filed an application to proceed *in forma pauperis* ("IFP").  Docket No. 3.  For the

20   reasons set forth below, the Court **GRANTS** the application to proceed IFP, but **REMANDS** the

21   action to state court.

22                          **I.    DISCUSSION**

23   A.     *In Forma Pauperis* Application

24         When presented with an application to proceed *in forma pauperis*, a court must first

25   determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).  *See*

26   *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an

27   applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d

28

United States District Court

For the Northern District of California

853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc*., 335 U.S. 331, 339 (1948)).

In their financial affidavit, Defendants state that Rita Estrada is employed by the City and County of San Francisco, and makes a net salary of $1,600/month.  Docket No. 3.  Roger Estrada is not currently employed and has no current income.  They own two cars, but have $1,800 in monthly expenses, and their present bank account balance is $23.  Given these circumstances, the Court **GRANTS** Defendants' application to proceed IFP.

B.      Allegations in the Complaint

Title 28 U.S.C. § 1915(e)(2) requires the Court to dismiss any case in which a litigant seeks leave to proceed IFP if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  To make this evaluation, in the instant case the Court looks to Defendants' Notice of Removal.  The Court also "has a sua sponte obligation to ensure that it has subject matter jurisdiction over a case."  *See N. Neon Operations, LLC v. Damian*, C-11-4020 EMC, 2011 WL 4502537, at *1 (N.D. Cal. Sept. 28, 2011) (citing, *e.g.*, *Khan v. Bhutto*, No. C–93–4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D.Cal. Dec. 6, 1993) (stating that "[a] court may deny *in forma pauperis* status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim ... over which the court lacks subject matter jurisdiction")).

In the instant case, the Court concludes that it lacks subject matter jurisdiction.  Title 28 U.S.C. § 1441 allows a defendant to remove only cases in which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441.  Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  However, Plaintiff's complaint raises only one claim for unlawful detainer, which arises under state law.  "To the extent [Defendants] suggest[] in [their] notice of removal that [California Equity] has violated [their statutory or] constitutional rights (and thus [they have] a claim against [California Equity]), the existence of federal question jurisdiction depends solely on the *plaintiff's* claims for relief and not on anticipated defenses to those claims or on any counterclaims asserted by the defendant."  *Aurora Loan Services LLC v. Tunales*, C-11-2084 EMC,

2011 WL 2516523, at *1 (N.D. Cal. June 23, 2011) (emphasis in original) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830–32 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).  Nor is there diversity jurisdiction in this case, as both parties are California citizens.  *See* Docket No. 1; 28 U.S.C. § 1332(a).

Accordingly, the Court **GRANTS** Defendants' application to proceed IFP, but **REMANDS** the action for lack of subject matter jurisdiction.  The case is remanded to the state court from which it was removed, and the Clerk of the Court shall close the file.

This Order disposes of Docket No. 3.


IT IS SO ORDERED.


Dated:  July 17, 2012

_____
EDWARD M. CHEN
United States District Judge